CRAIGHEAD<br>*v.*<br>HYNES.

---

## DRIGGS v. MORGAN.

Where a case has been submitted to amicable compounders by an agreement filed among the records of the court, it will be conclusive evidence of the terms of the submission. *Per Curiam :* The records and minutes of a court are the highest and best evidence of its proceedings.

An agreement between the parties to a suit to submit the matters in dispute to amicable compounders is a contract, and the parties should be held to the observance of the strictest good faith in all proceedings relating thereto.

APPEAL from the District Court of Pointe Coupée, *Farrar,* J.

*Ratliff* and *Cowgill,* for the appellant.   *Cooley,* for the defendant.   The judgment of the court was pronounced by

EUSTIS, C. J.   The appeal in this case is taken from the judgment of the District Court, setting aside an award of amicable compounders.   The case was last before the Supreme Court, in March, 1845, and is reported in 10th Robinson, p. 120.   The litigation between these parties had, on two previous occasions, been adjudicated upon, and is reported in 15 Louisiana Rep. 445, and 17th Ibid. 176.   The present suit was remanded by the Supreme Court for a

---

DRIGGS
*v.*
MORGAN.

new trial, on the ground that the damages awarded by the jury to the plaintiff were excessive. The jury had allowed the plaintiff the sum of $1,500. In November, 1845, the parties, expressing themselves desirous to put an end to a long and expensive litigation, agreed "to submit all matters and things connected with, or in relation to, the aforesaid suit, known on the docket of the aforesaid court as no. —," to two persons named "as amicable compounders, to settle the same fully and entirely" between the parties, with full power to appoint an umpire. On the disagreement of the amicable compounders, an umpire was appointed, and an award was rendered, "that the said *Henry B. Driggs* do recover of and from the said *Charles Morgan*, by reason of his complaints mentioned in his petition in cause no. 1280, the sum of $1,500," &c.

On a motion to homologate and make this award the judgment of the court according to its terms, which were in conformity with the submission, several exceptions were taken to matters of form. Considering them untenable, we deem it unnecessary to give our reasons, and proceed at once to the consideration of that on which the district judge decided the case, by setting aside the award.

The exception was, that the compounders had exceeded their powers ; a great part of the case having been dismissed, and the award extending to the whole of it. This fact, stated in the exception, is supported by the award itself, which extends *to the complaints made in the petition in cause, No.* 1280 ; but of any clause limiting the demand of the plaintiff to any part of his different causes of action, the record and minutes afford no evidence. They are the highest and best evidence of the proceedings, and the danger of violating a rule which gives to them this import, is too obvious to require any comment. The interests of property and of society are identified with its maintenance. *Williams* v. *Hooper*, 4 Mart. N. S. 177. As the case stands, so far as the record is concerned, the compounders did not exceed their powers, and the award is strictly within the pleadings.

In the opinion given by the Supreme Court in which it was determined that the cause should be remanded, the court say : "It is first proper to notice that the present action, originally based upon three distinct alleged causes of action, to wit: 1st, the wrongful suing out of the writ of injunction; 2d, the illegal arrest and imprisonment of the present plaintiff; and 3d, the wrongful and illegal suing out of a writ of sequestration, was tried below, and is now limited to the cause of action growing out of the arrest and imprisonment of the plaintiff, at the suit of the defendant, for which said plaintiff, having discontinued his demand for damages claimed for the wrongful suing out of the injunction and sequestration, claims in his petition the sum of $5,000 as damages." The court decided solely on the damages for the arrest and imprisonment, considering it the only matter before them.

It also appears, by the testimony of the gentleman who was of counsel for the plaintiff in this case that, to use his own language, "he moved the court to enter a————, for the sum of $2,500, claimed in the petition for the wrongful issuing of the sequestration, and so much for the wrongful issuing out of the injunction as was then prescribed, to wit, $1,500. This motion was made by witness in open court before the jury had retired, and was made for the purpose of reducing plaintiff's claim to $6,000, viz. $5,000 for false imprisonment, $1,000 for damages under the injunction." This testimony is corroborated by

a memorandum filed among the papers, which imports that a *non-suit* was ordered for these amounts, at the instance of the counsel for the plaintiff.

It appears that the Supreme Court itself was misled, as to the extent of the supposed discontinuance of the plaintiff. For in the opinion it is expressly stated that, the demand for damages, in consequence of the injuction, was not before them, but only that for damages for the arrest and imprisonment, whereas the defendant has proved, by his own witness, that the former was reserved to the extent of $1,000. The probability is that the court acted on the statements of the counsel who argued the case before them; nor is it at all surprising that such a mistake should occur, when we observe the manner in which cases are sometimes presented for consideration; and, in that before us, we have searched in vain even for any record of the verdict on which the cause was remanded; but, as the case is now before us on the award, we shall proceed to determine it, there being no motion to dismiss the appeal, nor any suggestion of diminution of the record.

The case stands according to the record on the general issue, a plea of prescription having been overruled. The award must stand, unless it can be set aside for some lawful cause. The cause assigned by way of exception is, "that the compounders acted on more than was submitted to them. A part of said suit had been dismissed, and yet they considered the whole, and gave their award thereon." The submission was most comprehensive in its intendment. It embraced all matters and things connected with, or in relation to, the aforesaid suit, and the claim for relief rests solely upon the evidence we have stated.

Whatever would have been the decision of the court in a case of surprize or mistake, which evidence of this character might establish, the act of the defendant has presented to us a very different one. He attended the meeting of the compounders before whom the witnessess were examined on the original issues, and himself offered a witness whose testimony covered the very grounds, which he now insists were excluded from the examination of the compounders by the terms of the submission. The witnesses were examined without any objection, and the proceedings closed on the evidence adduced by both parties. We cannot permit a party litigant to defeat an arbitration, under such circumstances. It would be unjust and unreasonable. It is also to be observed that the agreement of reference to the amicable compounders, contains the following stipulation: that, " they shall obtain from the clerk of the District Court the record in the above styled and mentioned suit, to serve as the basis of their investigation in the matter referred to them, and shall take and consider as testimony in the cause all the evidence submitted to the court as contained in said record, but either party is at liberty to introduce further evidence." A large portion of the former testimony related to the damages arising from the sequestration.

The agreement to submit their matters in dispute to arbitrators as amicable compounders was a contract, and, in interpreting it, what better guide can we have than the records of the court, and the mode in which the parties themselves understood and executed it.

The law on this subject is well settled. *Canty* v. *Beal*, 17 La. 285. *Davis* v. *Leeds*, 7 Ibid. 477. The mode of terminating litigation by amicable compounders ought to be favored, and the parties held to the observance of the strictest good faith in all proceedings having an object in view, in which the public, as well as the parties, have a deep interest.

Dᴿɪɢɢ    
*v.*    
Mᴏʀɢᴀɴ.

It is therefore decreed that the judgment of the District Court be reversed, and that the plaintiff recover from the defendant the sum of $1,500, with costs in both courts.